UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CHARLES ORANGE, )
 )
    *Petitioner,* )
 )  No:   4:12-cv-71
v. )
 )  Judge Mattice
 )
CHERRY LINDAMOOD,[1] Warden, )
 )
    *Respondent.* )
 )

## MEMORANDUM OPINION

Charles Orange ("Petitioner"), a Tennessee inmate, acting pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under a 2010 Bedford County Circuit Court Judgment (Doc. 1). Petitioner pled guilty to four counts of selling one-half gram or more of cocaine with intent to sell, four counts of delivering one-half gram or more of cocaine, possessing one-half gram or more of cocaine with intent to sell, possessing one-half gram or more of cocaine with intent to deliver, possessing between one-half ounce and ten pounds of marijuana with intent to sell, and possessing between one-half ounce and ten pounds of marijuana with intent to deliver (Doc. 19 p. 3). Petitioner received a sentence of twenty two years. Respondent has filed an answer to the petition, which was supported by copies of the state record (Addenda 1, 2).[2] The case is now ripe for disposition.

---

[1] Warden Cherry Lindamood replaced Arvil Chapman as the Warden of the South Central Correctional Center. Accordingly, the Clerk is **DIRECTED** to change the name of the Respondent to Cherry Lindamood on the Court's CM/ECF docket sheet.

[2] Petitioner filed a reply to Respondent's response seemingly disputing the amount of marijuana mentioned in Respondent's answer (Doc. 22). However, Petitioner subsequently filed a letter retracting his reply to Respondent's brief (Doc.25).

## I. BACKGROUND AND PROCEDURAL HISTORY

The transcripts from Petitioner's guilty plea and sentencing hearings from the Bedford County Circuit Court were not made part of the state post-conviction record, and Respondent has been unable to determine the availability of these transcripts (Doc. 19). The record indicates that Petitioner pled guilty to six drug offenses on February 22, 2010, and was sentenced to twenty-two years in prison. *Orange v. State*, No. M2011-1168-CCA-R3-PC, 2012 WL 1417252, at *1 (Tenn. Crim. App. Apr. 20, 2012). Following his guilty plea and sentence, Petitioner did not file a direct appeal to the Tennessee Court of Criminal Appeals ("TCCA") or the Tennessee Supreme Court (Doc. 1).

On December 10, 2010, Petitioner filed a petition for post-conviction relief in the Bedford County Circuit Court. *Id.* Petitioner's motion alleged that trial counsel was ineffective because counsel did not tell him that the trial court could not engage in judicial fact-finding during sentencing, and as such his guilty plea was not knowingly and voluntarily entered. *Id.* Petitioner also argued that his trial counsel failed to tell him that he was supposed to be sentenced to the statutory minimum. *Id.* The trial court dismissed the petition, concluding that it contained mere conclusions of law all of which were erroneous, and it failed to state a factual basis for the grounds alleged. *Id.* Petitioner appealed this decision to the TCCA, and the dismissal was affirmed. *Orange*, 2012 WL 1417252, at *1. The Tennessee Supreme Court denied permission to appeal. Petitioner thereafter filed this timely habeas corpus petition.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2241, a court considering a habeas claim must defer to any decision by a state court concerning the claim, unless the state court's judgment: (1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S. § 2254(d)(1)–(2).

A state court's decision is "contrary to" federal law when it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or resolves a case differently on a set of facts which cannot be distinguished materially from those upon which the precedent was decided. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" prong of § 2254(d)(1), the relevant inquiry is whether the state court decision identifies the legal rule in the Supreme Court cases which govern the issue, but unreasonably applies the principle to the particular facts of the case. *Id.* at 407. The habeas court is to determine only whether the state court's decision is objectively reasonable, not whether, in the habeas court's view, it is incorrect or wrong. *Id.* at 411.

This is a high standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA is a purposefully demanding standard . . . 'because it was meant to be.'" (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

### III. ANALYSIS

Petitioner's § 2254 petition raises one main ground for relief which appears to present two separate claims: (1) that the state trial court erred by summarily dismissing his petition for post-conviction relief; and (2) that Petitioner received ineffective assistance of counsel during his guilty plea proceedings (Doc. 1).

3

In her answer, Respondent argues that Petitioner is not entitled to relief on his first claim because the claim does not assert a constitutional violation (Doc. 19). Respondent also argues that Petitioner's claim of ineffective assistance of counsel should be denied because the state court's determination was not contrary to nor an unreasonable application of clearly established federal law (*Id.*).

The Court agrees with the Respondent concerning Petitioner's entitlement to federal habeas relief, and will **DENY** this petition, for the reasons provided below.

### A. Trial Court's Summary Dismissal of Post-Conviction Petition

Petitioner first appears to allege that the trial court erred when it summarily dismissed his petition for post-conviction relief because he actually presented a colorable claim of ineffective assistance of counsel (Doc. 1 p. 4). Under § 2254(a), a federal court may entertain a petition for the writ of habeas corpus only on the grounds that the prisoner is being held in violation of the Constitution or laws or treaties of the United States. It is well established that because there is no constitutional right to post-conviction remedies, the federal "habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *see also Kirby b. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) (concluding that habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings). As such, the Court finds that Petitioner's claim that the trial court erred in summarily dismissing his post-conviction petition is not cognizable on federal habeas.

### B. Ineffective Assistance of Counsel

Petitioner next asserts that he received ineffective assistance from his attorney in entering his guilty plea (Doc. 1). According to Petitioner, his counsel failed to properly

4

advise him, and as such, he ended up pleading guilty to an offense outside of his possible range of punishment (Doc. 1).

### 1. Applicable Law

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to counsel necessarily implies a right to "reasonably effective assistance" of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a defendant must meet a two-pronged test: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id.*

Proving deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged to not have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

The second prong, prejudice, "requires showing that counsel's errors were so serious to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.*

5

Here, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Moss*, 323 F.3d 464–55 (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted). Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

### 2. Discussion

Petitioner argued to the TCCA that his guilty pleas were not knowingly and voluntarily entered because his trial counsel did not tell him that he was supposed to be sentenced to the statutory minimum and that the trial court could not engage in judicial fact-finding during sentencing. *Orange*, 2012 WL 1417252, at *2. The court of appeals found that Petitioner had failed to show that he was entitled to relief because had trial counsel advised as Petitioner claims he should have, counsel would have been providing incorrect information. *Id.* at *3.

*Strickland* affirms that a defendant is entitled to effective assistance of counsel before deciding whether or not to plead guilty. 466 U.S. at 686 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Here, the TCCA stated that the amended Tennessee Criminal Reform Act no longer imposed a statutory minimum sentence, but rather provided advisory sentencing guidelines for the trial court to follow in selecting a sentence. *Orange*, 2012 WL 1417252, at *2. Based on this, the TCCA found that even
6

taking the facts alleged in the petition for post-conviction relief as true, Petitioner was not entitled to relief. *Id.* at *3.

The Court agrees with the TCCA's determination. Petitioner cannot show that his trial counsel's performance was deficient under *Strickland.* As the TCCA noted, had counsel given Petitioner the advice Petitioner claims he was entitled to, counsel would have been opening himself up to an ineffective assistance of counsel challenge. The Court cannot find that counsel was ineffective for in fact doing what he was supposed to do. To the extent that Petitioner is challenging the state court's interpretation of the Tennessee sentencing statute, the Court notes that such an allegation does not present a constitutional issue. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (stating that where state courts have spoken on a state law issue, it is not the role of a federal habeas court 'to reexamine state-court determinations of state-law questions.").

As such, Petitioner is not entitled to relief on this claim because the TCCA's rejection of Petitioner's claim of ineffective assistance of counsel was not an unreasonable application of clearly established federal law.

### IV. Conclusion

For the above mentioned reasons, the Court finds that none of Petitioner's claims warrant the issuance of a writ. Therefore, Petitioner's motion for a writ of habeas corpus (Doc. 1) will be **DENIED**.

### V. Certificate of Appealability

The Court must also consider whether to issue a Certificate of Appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a petitioner has made a substantial showing of the

denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a substantial showing is made if reasonable jurists could conclude that the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack*, 529 U.S. at 484.

After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that Petitioner's claims are adequate to deserve further review. As such, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

ORDER ACCORDINGLY.

                                                    */s/ Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE